IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID W. TAYLOR | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2118 |
| | : | |
| MEGAN J. BRENNAN | : | |
| *UNITED STATES POSTAL SERVICE* | : | |
| *POSTMASTER GENERAL*, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                                                  **March 19, 2019**

Pro se Plaintiff David W. Taylor brings the above-captioned action against Defendants Megan Brennan, in her capacity as the Postmaster General of the United States Postal Service (USPS),[1] American Postal Workers Union AFL-CIO, National (the National), and the American Postal Workers Union AFL-CIO, Philadelphia, PA Area Local 89 (the Local). Taylor brings claims for retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and pursuant to Section 301 of the Labor Management Relations Act (LMRA) based on USPS's alleged breaches of a collective bargaining agreement (CBA),[2] the Local's failure to grieve those alleged breaches on Taylor's behalf, and the National's failure to compel the Local to grieve those breaches. Because Taylor's Amended Complaint fails to state a claim under either Title VII or the LMRA, the Court will dismiss it in its entirety.[3]

---

[1] Taylor named Postmaster General Brennan as a party to this lawsuit, but the pleadings refer exclusively to USPS. Accordingly, the Court will refer to USPS. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[O]fficial-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dept. of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)).

[2] The Amended Complaint does not identify a specific collective bargaining agreement.

[3] Taylor filed five separate—but largely identical—pleadings. *See* Compl., May 5, 2018, ECF No. 1; Mot. to Am. Compl., June 14, 2018, ECF No. 12; Mot. to Am. Compl., June 18, 2018, ECF No. 15; Mot. for Leave to File Am. Compl., July 6, 2018, ECF No. 20; and Mot. for Leave to Am. Compl., Aug. 15, 2018, ECF No. 27. The Court considers the July 6, 2018, Amended Complaint

**FACTS**

Taylor has been employed by USPS as a tractor-trailer driver since 1993. He is also a member of the Local, which is an affiliate of the National. In October 2016, Taylor filed a charge against USPS with the National Labor Relations Board (NLRB), alleging "jumping discipline," "fair dispensation of overtime," and "hitting [him] off the clock, while still on duty."[4] Am. Compl. ¶ 25. Since filing this initial charge, Taylor has continued to grow dissatisfied with USPS.[5] On January 22, 2018, Taylor filed a "Formal EEO Complaint" against USPS, alleging breaches of Article 5, Article 7, and Article 8 of the CBA. Am. Compl. ¶ 22. On February 15, 2018, Taylor "requested" an "EEO Affidavit against Defendant USPS for breach of the CBA." Am. Compl. ¶ 23.

Further, on January 30, 2018, February 20, 2018, April 9, 2018, April 10, 2018, and June 19, 2018, Taylor filed grievances against USPS with the Local. Am. Compl. ¶ 27. Unsatisfied with

---

to be the operative document because it is the latest pleading filed within 21 days of a 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1). Defendants renewed their motions to dismiss via letter briefs after Taylor filed the operative Amended Complaint (Document 20). *See* Resp. to Mot. to Amend, Aug. 7, 2018, ECF No. 23; Resp. to Mot. to Amend, Aug. 9, 2018, ECF No. 24; Resp. in Opp'n to Mot. to Amend, Aug. 9, 2018, ECF No. 25.

The Court also notes Taylor's many motions and amended pleadings were accompanied by nearly 600 pages of exhibits with little, if any, explanation. Even if the Court were permitted to consider such materials, the Court would decline to do so given the lack of organization and obvious relevance. *See In re Geiger*, 446 B.R. 670, 680 (Bankr. E.D. Pa. 2010) ("Putting together the puzzle of matching the barebones allegations with the meat of the attached materials is the job of the Plaintiffs, not of . . . the Court.").

[4] Although the Court presumes these claims are related to a CBA, the Amended Complaint does not identify the parties to such an agreement, explain the nature of the provisions at issue and how they were purportedly breached, or describe if or how Taylor's complaints as to those breaches were ever resolved.

[5] Paragraphs 37 and 38 of the Amended Complaint suggest Taylor brought other actions against USPS between 2016 and 2018, including two separate actions before the Equal Employment Opportunity Commission and three actions before the NLRB. It is not clear, and Taylor does not explain, how these prior actions relate to his Amended Complaint.

the Local's response, Taylor complained to the National on February 13, 2018, February 15, 2018, February 26, 2018, and March 12, 2018.[6] *See* Am. Compl. ¶ 29.

In early May 2018, Taylor claims to have "discovered" USPS breached various provisions of the CBA, including Articles 5, 7, 8, 12, 15, 16, and 17—although Taylor does not describe how USPS breached these provisions. Am. Compl. ¶ 19. On May 11, 2018, Taylor filed a charge with the NLRB against USPS for "reoccurrence, breach of the CBA, jumping discipline procedure, and by-pass overtime." Am. Compl. ¶ 21. On June 18, 2018, Taylor filed a complaint against the USPS with the United States Department of Justice, alleging breach of the CBA and "hitting [him] off the clock while still on duty." Am. Compl. ¶ 26.

Taylor initiated this lawsuit on May 21, 2018. The Amended Complaint contains two counts. In Count One, Taylor claims USPS, the Local, and the National violated Title VII and the LMRA. As to USPS, Taylor claims it "failed to engage with proceedings of the collective bargaining agreement procedures as required under the LMRA." Am. Compl. ¶ 31. Taylor alleges the Local "intentionally or negligently failed to maintain its duty of fair representation as required under the LMRA." Am. Compl. ¶ 32. Similarly, Taylor asserts the National "intentionally or negligent[ly] disregard[ed] Plaintiff's rights and membership failed its duty of fair representation to initiate disciplinary steps as required by the LMRA." Am. Compl. ¶ 33.

In Count Two, Taylor claims USPS and the National violated Title VII and the LMRA. In support of this claim, Taylor states "USPS is responsible for the activities of USPS by responde[at] superior." Am. Compl. ¶ 36. He also claims "[The National] . . . is responsible for the activities of

---

[6] In March 2018, the Local initiated a "step one compensation settlement for Plaintiff" which appears related to his claim for "by-pass overtime." Am. Compl. ¶ 31. Taylor claims he never received a settlement payment. At the August 16, 2018, hearing before this Court, counsel for USPS indicated payment had been made to Taylor.

3

[the Local] by responde[at] superior." Am. Compl. ¶ 37. Finally, Taylor claims, "as a direct and proximate result of [Defendants'] violation of the LMRA Plaintiff [has] sustained economic damages." Am. Compl. ¶¶ 38. Defendants have each moved to dismiss. The matter is now ripe for decision.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In evaluating a Rule 12(b)(6) motion, a court first must separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id*. at 210-11. The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Because Taylor proceeds pro se, the Court construes his pleadings liberally and "will apply the applicable law, irrespective of whether [he] has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

The Court first considers the Amended Complaint to the extent it implicates Title VII, which prohibits certain federal employers, including USPS, from taking "personnel actions" based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). Similar to their counterparts in the private sector, public employees are protected from retaliation by their employer for engaging in protected activity opposing discriminatory behavior. *See Komis v. Sec'y*

4

of *U.S. Dep't of Labor*, --- F.3d ---, 2019 WL 1121383, at *3 (3d Cir. Mar. 12, 2019) (noting "federal employees may bring claims for retaliation under Title VII even though the federal-sector provision does not explicitly reference retaliation"). To state a claim for retaliation, an employee must show: "(1) s/he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him or her; and (3) there was a causal connection between the plaintiff's participation in the protected activity and the adverse employment action." *Collins v. Kimberly-Clark Pa., LLC*, 247 F. Supp. 3d 571, 596-97 (E.D. Pa. 2017). To show causation, a plaintiff must establish "retaliatory animus was the 'but-for' cause of the adverse employment action." *Carvahlo-Grevious v. Del. St. Univ.*, 851 F.3d 249, 258 (3d Cir. 2017) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013)).

Here, Taylor has failed to allege facts establishing the elements of a retaliation claim.[7] The Amended Complaint vaguely asserts USPS breached "Article 5 Prohibition of Unilateral Action, Article 7 Employee Classifications, Article 8 Hours of Work." Am. Compl. ¶ 19. However, Taylor

---

[7] The Defendants have each raised the issue of Taylor's failure to exhaust his administrative remedies, which is required to state a claim under both Title VII and the LMRA. *See Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (discussing the administrative exhaustion requirements under Title VII); *Keister v. PPL Corp.*, 677 F. App'x 63, 67 (3d Cir. 2017) (discussing the administrative exhaustion requirements under the LMRA). Although the Court agrees Taylor's Amended Complaint fails to adequately describe the steps he took to exhaust his administrative remedies, Taylor is, however, entitled to leave to cure the defect. *Gooding v. Warner–Lambert Co.*, 744 F.2d 354, 358 (3rd Cir.1984) (finding abuse of discretion where district court dismissed a complaint for failure to allege exhaustion of administrative procedures without first granting leave to amend complaint).

USPS also raises the defenses of claim and issue preclusion based on a previous Title VII action Taylor filed with this Court in 2017 and later voluntarily dismissed with prejudice. *See Taylor v. Brennan*, Civil Docket No. 17-3833. The Court need not resolve these issues, however, because the Court will dismiss the Amended Complaint on its merits, and it appears at least parts of Taylor's Amended Complaint are based on issues arising after the filing of the earlier litigation. Am. Compl. ¶¶ 22-24. Should Taylor file a second amended complaint clarifying the allegations in the Amended Complaint, USPS may reassert its preclusion arguments.

has failed to describe *how* USPS breached those provisions and *why* those breaches amount to adverse personnel actions cognizable under Title VII. Moreover, even assuming USPS breached various aspects of the CBA and those breaches could be construed as adverse personnel actions, Taylor has failed to allege any facts tending to show a "but-for" connection existed between any protected activity and such adverse personnel actions. As a result, the Court will dismiss the Title VII retaliation claim against the Union.

The Title VII discrimination claims against the Local and National will also be dismissed for failure to plead a prima facie case. "Under Title VII, unions are prohibited from discriminating on the basis of a protected status for the same reasons as employers." *Danao v. ABM Janitorial Servs.*, 142 F. Supp. 3d 363, 371 (E.D. Pa. 2015) (citing *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 285 (1976)). A prima facie case against a union under Title VII has three elements: (1) a violation of a CBA with respect to the plaintiff, (2) the union's failure to address the violation in breach of its duty of fair representation, and (3) some indication the union's actions were "motivated by discriminatory animus." *Id.* The "deliberate choice not to process grievances" can give rise to a union's liability under Title VII. *Goodman v. Lukens Steel Co.*, 777 F.2d 113, 127 (3d Cir. 1985).

Taylor's Amended Complaint fails to state a claim against either the Local or National because it does not contain any factual allegations permitting the Court to infer the Local or National discriminated against Taylor. Paragraph 19 of the Amended Complaint contains a list of provisions USPS allegedly violated, but never explains the substance of those provisions, USPS practices or policies which violated those provisions, and how Taylor was harmed by such violations. *See* Am. Compl. ¶ 19. Moreover, as discussed below, there are no allegations permitting the inference that either the Local or National breached the duty of fair representation by failing

6

to grieve USPS's alleged breaches. And finally, even if there were specific allegations USPS violated the CBA in some way harmful to Taylor, and specific allegations to support an inference the Local or National breached their obligations to him by failing to grieve those breaches, Taylor has failed to allege the Union's supposed decision was motivated by discriminatory animus. As a result, the Court will dismiss the Amended Complaint to the extent it can be construed as a bringing a Title VII discrimination claim against the Local or National.

Taylor also purports to bring claims pursuant to Section 301 of the LMRA against all Defendants. There are two types of Section 301 claims: "pure" claims, in which a union alleges the employer breached a CBA; and "hybrid" claims, in which a union member alleges the employer breached a CBA by terminating him or her *and* his or her union breached the duty of fair representation in the course of the termination. *See Serv. Emps. Int'l Union Local 36, AFL-CIO v. City Cleaning Co., Inc.*, 982 F.3d 89, 94 (3d Cir. 1992). Failure to establish either subpart of a hybrid claim is fatal. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983); *see also Burns v. Salem Tube, Inc.*, 381 F. App'x 178, 181 (3d Cir. 2010). The Court construes Counts One and Two as hybrid claims because each alleges a violation of the CBA by USPS and a breach of the duty of fair representation by the Local and National.

The Court's analysis begins with the Local. A union owes its members a duty of fair representation when handling grievances. *See Vaca v. Sipes*, 386 U.S. 171, 177 (1967). The duty is breached "when a union's conduct toward a member of a collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* An action is arbitrary if "in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Bakos v. Am. Airlines, Inc.*, 266 F. Supp. 3d 729, 742 (E.D. Pa. 2017). A union discriminates when it makes "arbitrary distinctions between classes of employees

within the appropriate unit which are not based on relevant differences between the employees or operations." *Id.* at 744 (citing *Deboles v. Trans World Airlines*, 552 F.2d 1005, 1015 (3d Cir. 1977)). Finally, a union may be found to have acted in bad faith where a member establishes "both an improper motive for the union activity, and 'substantial evidence of fraud; deceitful action or dishonest conduct.'" *Bakos*, 266 F. Supp. 3d at 744 (quoting *Amalgamated Ass'n of St., Elec. Ry., & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 299 (1971)). These demanding standards "give[] the union the room to make discretionary decisions and choices, even if those judgments are ultimately wrong, and even if its errors in judgment may rise to the level of negligence." *Danao*, 142 F. Supp. 3d at 371-72.

In this instance, Taylor has failed to allege any facts suggesting the Local acted in an arbitrary, discriminatory, or bad faith manner. At its core, the Amended Complaint alleges the Local failed to take up Taylor's grievances and proceed to arbitration against USPS. *See* Am. Compl. ¶ 6 ("[The Local], breached its duty of fair representation under Section 301, [by its] wrongful refusal to process Plaintiff['s] grievances through progressive steps or proceed to arbitration."); *see also id.* ¶¶ 20, 27. The Amended Complaint does not, however, explain how or why the Local's decision not to do so was arbitrary, discriminatory, or in bad faith, as required to state a claim for breach of the duty of fair representation. *See Vaca*, 386 U.S. at 177. Therefore, Taylor's claim the Local breached its duty of fair representation will be dismissed.

Similarly, Taylor has also failed to state a claim against the National. A parent union may be liable for the misconduct of its affiliates. *See Carbon Fuel Co. v. United Mine Workers of Am.*, 444 U.S. 212, 216 (1979). However, such liability is limited to situations in which the parent "encouraged, authorized or ratified the actions of the [l]ocal." *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1289 (3d Cir. 1991); *see also Kerry Coal Co. v.*

*United Mine Workers of Am.*, 637 F.2d 957, 963 (3d Cir. 1981) (noting the international union's position that it could not be held liable for the actions of individual members "absent evidence that it instigated, supported, ratified, or encouraged" their activities was "undoubtedly the correct legal standard"). Taylor claims the National should be vicariously liable for the alleged misconduct of the Local pursuant to the theory of respondeat superior, *see* Am. Compl. ¶ 37, and because the Local was "[a]t all times . . . under the jurisdiction of [the National]," *id.* ¶ 18. However, Taylor's Amended Complaint is devoid of any allegations suggesting the National encouraged, authorized or ratified the Local's decision not to pursue Taylor's many grievances. In the absence of such allegations, the Amended Complaint fails to state a cognizable claim against the National.

Because the Court finds Taylor has failed to allege facts sufficient to support his claims for a breach of the duty of fair representation by either the Local or National, the Court need not assess whether Taylor has stated a claim for breach of the CBA by USPS. *See Albright v. Virtue*, 273 F.3d 564, 576 (3d Cir. 2001) (holding a breach of the duty of fair representation claim is a necessary condition precedent to a § 301 claim). Nevertheless, were the Court to reach this aspect of the claim, it would find Taylor has failed to state a claim for breach of the CBA by USPS. As noted, Taylor has identified parts of the CBA without explaining what those provisions are, how USPS violated them, and what damages he suffered. As a result, even if the Court could reach the question of USPS's breach, Taylor has failed to allege facts sufficient to establish a plausible claim for relief. *See Iqbal*, 556 U.S. at 678.

In light of the foregoing, the Court finds Taylor has failed to state claims under Title VII and the LMRA. Defendants argue the Court should dismiss Taylor's Amended Complaint with prejudice. However, because Taylor has not amended his complaint with the benefit of an opinion identifying the issues with his pleadings, justice requires he be given one final opportunity to state

his case.[8] *See* Fed. R. Civ. P. 15(a)(2) ("The Court should freely give leave [to amend] when justice so requires."). As a result, the Court will dismiss Taylor's claims without prejudice to reassertion one final time.[9]

**CONCLUSION**

For the foregoing reasons, Taylor's Amended Complaint will be dismissed in its entirety without prejudice.

An appropriate order follows.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[8] Consistent with this decision, Taylor's second amended complaint will be dismissed unless the revised pleading (1) alleges *specific* facts supporting each element of Taylor's Title VII and LMRA claims; (2) addresses why these claims are not barred by the doctrines of issue preclusion, claim preclusion, and failure to exhaust; and (3) explains precisely how and why any exhibit attached to the amended pleading is relevant and includes references to specific page numbers.

[9] Should Taylor amend his pleading, the Court will permit Defendants to move to dismiss by letter brief.