IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID W. TAYLOR | : | CIVIL ACTION |
| | : | |
| v. | : | No. 18-2118 |
| | : | |
| MEGAN J. BRENNAN | : | |
| *UNITED STATES POSTAL SERVICE* | : | |
| *POSTMASTER GENERAL*, et al. | : | |

**ORDER**

AND NOW, this 4th day of March, 2020, upon consideration of Defendant American Postal Workers Union AFL-CIO, Philadelphia, PA Area Local 89's Motion for Attorney's Fees, and after careful and independent review of the Report and Recommendation of the United States Magistrate Judge Linda K. Caracappa, pro se Plaintiff David W. Taylor's objections to the Report and Recommendation, and the Union's response to Taylor's objections, it is ORDERED:

1. Taylor's objections to the Report and Recommendation (Document 52) are OVERRULED;[1]

---

[1] The Report and Recommendation grants the Union $56.82 in costs. Taylor objects because the Union has already paid those costs. He also notes that, as a Union member, his dues contributed to paying those costs. Taylor's objections are meritless. Cost-shifting allows a prevailing party to be reimbursed for costs it already paid. *See* Fed. R. Civ. P. 54(d) ("[C]osts--other than attorney's fees--should be allowed to the prevailing party."); *see also Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 & n.2 (3d Cir. 2010) (listing the kinds of costs that may be reimbursed and explaining that "there is a strong presumption that costs are to be awarded to the prevailing party" (internal citations omitted)). Because costs by definition have been paid by the prevailing party, Taylor's argument that already paid costs should not be awarded is illogical.

Taylor's argument based on his payment of Union dues is also unavailing. His obligation to pay Union dues is entirely distinct from his obligations relating to this litigation. As a member of the Union, Taylor pays dues so the Union can work on his behalf. While a small percentage of Taylor's dues may have gone toward the costs of this case, the majority of his dues were likely used for the Union's many operating expenses. He was also not the only person whose dues contributed to the costs. The Union likely paid the costs from funds it received from many Union members. Therefore, the Court's award of costs will not force Taylor to pay twice for the same litigation.

1

2. The Report and Recommendation (Document 51) is APPROVED and ADOPTED;

3. The Union's Motion for Attorney's Fees (Document 43) is GRANTED in part to the extent that Taylor must pay the Union $56.82 in costs.

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.